**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BENJAMIN LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-277** |
| **SHELF WORK BOAT, LLC, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is plaintiff Benjamin Leblanc's ("plaintiff") motion[1] to withdraw his claim for a bench trial pursuant to Federal Rule of Civil Procedure 9(h) and to reset this matter as a jury trial. Defendant Shelf Work Boats, LLC ("defendant") opposes the motion.[2] For the reasons that follow, the Court denies plaintiff's motion.

Plaintiff in this case brings his claims under section 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA").[3] In his complaint, plaintiff asserted his right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h) as claims in admiralty and under general maritime law.[4] Plaintiff now seeks to remove his Rule 9(h) designation and reset this matter for a jury trial.[5]

Federal Rule of Civil Procedure 9(h) provides that "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 21.
[3] R. Doc. No. 1-1, at 3.
[4] *Id.*
[5] R. Doc. No. 18.

an admiralty or maritime claim" for purposes of certain federal rules, including Rule 38(e). However, "[a] claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." Fed. R. Civ. P. 9(h). Rule 38(e) further specifies that the Federal Rules "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."

"[T]here is ordinarily no right to a jury in an admiralty suit" except in cases where the admiralty claim is "tried together with a cause of action upon which there exists a right to trial by jury." *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1253 (5th Cir. 1975). "[F]ederal jurisdiction of Section 905(b) claims is based upon general maritime law . . . and, accordingly, assertion in federal court of a Section 905(b) claim confers no more right to a jury trial than does any other claim asserted in federal court by reason of its maritime jurisdiction." *Bynam v. Patterson Truck Lines, Inc.*, 655 F.2d 643, 644 (5th Cir. 1981) (other citations omitted); s*ee also Stevenson v. Point Marine, Inc.*, 697 F. Supp. 285, 288 (E.D. La. 1988) (Beer, J.).

Plaintiff's § 905(b) claims are therefore cognizable only in this Court's admiralty or maritime jurisdiction, and plaintiff does not plead another cause of action that confers upon it a right to trial by jury. Accordingly,

**IT IS ORDERED** that plaintiff's motion is **DENIED**.

New Orleans, Louisiana, May 30, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**